9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA L. EDWARDS,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>     Defendant. | )<br>) No. CV-11-152-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 20. Attorney Maureen J. Rosette represents Plaintiff (Edwards). Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. Edwards filed a reply on July 10, 2012. ECF No. 22. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment, **ECF No. 20**.

### JURISDICTION

Edwards protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) disability benefits on July 8, 2008, alleging disability since January 22, 2008 (Tr. 143-49). The applications were denied initially and on reconsideration (Tr. 108-111, 114-117).

Administrative Law Judge (ALJ) Gene Duncan held a hearing on January 25, 2010. Edwards was represented by counsel. In addition to Edwards, a medical doctor, a clinical psychologist, and a vocational expert testified (Tr. 34-103). The ALJ issued an unfavorable decision on February 17, 2010 (Tr. 16-25). On March 7, 2011, the Appeals Council denied review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Edwards filed this action for judicial review on April 19, 2011 (ECF Nos. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Ms. Edwards was 50 years old at onset and 52 at the hearing. She earned a GED and completed one year of college. She lives with her adult son and daughter. She has worked as a care giver, assembler/packager and fast food worker. Edwards has difficulty reading and concentrating. She dislikes being around people and leaving her house.

Edwards testified her back aches every day; at times the pain extends to the hip and right leg. She sits on a heating pad when she gets up in the morning. She has right shoulder pain and stiffness in her hands. She can lift ten pounds, stand for five minutes and sit for 30 minutes. Edwards has breathing problems after she walks less than a block. She smokes cigarettes and

marijuana[1], and takes medication prescribed for depression. She is not receiving mental health counseling. She saw a psychiatrist twice, prior to 1982 (Tr. 37-38, 44-46, 48-50, 69, 71-75, 79-80, 83, 166, 182).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

---

[1]A record dated September 1, 2010, indicates "almost daily marijuana use" (Tr. 344). Testing in August 2009 was positive for opiates and marijuana (Tr. 306).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 3 -

the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

*Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 5 -

Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401
(1971)(citations omitted). "[S]uch inferences and conclusions as
the [Commissioner] may reasonably draw from the evidence" will
also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.
1965). On review, the Court considers the record as a whole, not
just the evidence supporting the decision of the Commissioner.
*Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting
Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 6 -

(9th Cir. 1984). The court will set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2012). Even if the ALJ erred, the court will uphold the decision so long as the error was harmless. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010)(citation omitted).

If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Duncan found Edwards's DIB insurance would expire March 31, 2013 (Tr. 16, 18). At step one, he found Edwards did not work (earn substantial gainful activity) after onset. At step two, he found she suffers from the severe impairments of chronic obstructive pulmonary disease (COPD) or asthma, right eye vision loss and a depressive disorder (Tr. 18). When substance use disorder (DAA) is included, the ALJ found Edwards's mental impairments meet Listings 12.04, 12.06, 12.08 and 12.09[2] (Tr. 20). When DAA is excluded, the impairments are still severe but do not meet or medically equal any listed impairments (Tr. 20-21). The ALJ found Edwards less than completely credible, a finding she

---

[2]20 C.F.R. pt. 404, subpt. P. app. 1. Dr. Martin testified Plaintiff's impairments meet Listing 12. 04, depressive disorder; 12.06, panic attacks with agoraphobia (an anxiety-related disorder); 12.08, personality disorder NOS and 12.09, substance abuse disorder (cannabis use or possible abuse) in partial remission and probable substance abuse (Tr. 51-52, 61-63).

does not challenge on appeal (Tr. 23). At step four, relying on the vocational expert's testimony, the ALJ found Edwards is unable to perform any past work (Tr. 23, 85). At step five, again relying on the VE, the ALJ found, when DAA is excluded, there are other jobs that exist in sufficient numbers in the local and national economies Edwards can perform, including hand packager and packer (Tr. 24, 94, 96). The ALJ found when DAA is excluded Edwards is not disabled as defined by the Social Security Act (Tr. 25).

**ISSUES**

Edwards alleges the ALJ should have given more credit to the opinions of Drs. Mabee and Martin, and less to those of testifying expert Dr. Gerber. She alleges the ALJ's failure to give reasons for "basically" rejecting the opinion of a treating nurse practitioner requires reversal, and if this opinion is properly credited, Edwards would be found disabled under Medical-Vocational Rule 201.14. ECF No. 16 at 13-18. The Commissioner asserts the decision should be affirmed because it is supported by substantial evidence and free of harmful legal error. ECF No. 21 at 2.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989).

However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

When an ALJ discounts the testimony of lay witnesses, "he [or she] must give reasons that are germane to each witness." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 9 -

**B. Psychological impairments**

   *W. Scott Mabee, Ph.D.*

   The ALJ rejected Dr. Mabee's[3] opinion because it was prepared for the DSHS. These reports are usually based on a claimant's statements, are "known to be lenient," and are done primarily to extend state benefits (Tr. 23). Edwards alleges these reasons are not legitimate. ECF No. 16 at 16-17. The Commissioner concedes these reasons are not specific and legitimate, but others are. And because the ALJ's other reasons are legally sufficient and supported by substantial evidence, the Commissioner asserts any error is harmless. ECF No. 21 at 11-13, citing *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir, 2008)(holding an ALJ's error in reasoning harmless where it did not undermine the "validity of the ALJ's underlying decision").

   The Commissioner is correct. Any error is harmless because the ALJ's other reasons are specific and legitimate. The ALJ points out Dr. Mabee appeared to endorse disability, yet test results were "very benign and she was noted to score high for over-reporting" (Tr. 23). The ALJ's characterization of test results as benign is consistent with Dr. Martin's interpretation of test results. Contradictions between assessed abilities and clinical notes, observations, and other opinions by the same physician provide a clear and convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

   After she reviewed the record, Dr. Martin testified

---

[3]Kathy Jamieson-Turner, M.S., performed the evaluation on August 19, 2008. Dr. Mabee approved the report. Tr. 245.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 10 -

"Her testing in these evaluations indicates that she
is tending to over-report or exaggerate her psychological
symptoms to some degree and she was not putting forth
consistent effort on the cognitive testing that was done
on the mental status exam. So there again it's difficult
to assess how severe her impairments are, but even then
the *diagnoses are generally fairly mild* except for the one
in Exhibit 10-F when Dr. [Dalley] diagnosed major depressive
disorder, recurrent severe ... *I would say basically her
attention, persistence and pace as far as the testing
in '08 would be mild.* [Dr. Mabee evaluated Edwards in
2008.]

... I suspect if we put the 12.09 [DAA] in, I think we
would probably have modest [moderate] difficulty in
concentration, persistence or pace."

(Tr. 58-59, 61)(italics added).

The ALJ properly relied on Dr. Martin's opinion that test
results were generally mild (i.e., a score of 29 of 30 on the
mental status examination), even though Edwards tended to
exaggerate symptoms and failed to give consistent effort during
testing. Dr. Martin pointed out inconsistencies in Edwards's
reports, a factor the ALJ also properly considered (Tr. 23, 58-
60).

The ALJ notes Dr. Martin's opinion is generally supported by
examining psychologist Joyce Everhart, Ph.D., who opined results
of the mental status exam appeared normal until the last fifteen
minutes of the evaluation. After Edwards used the restroom, Dr.
Everhart ended the exam because Edwards seemed impaired, possibly
under the influence of substances (Tr. 61, 266). She notes, as
have others, Edwards reported using medications prescribed for
other people (Tr. 262: Edwards reports getting prozac from a
sister and effexor from a daughter; *see also* Tr. 54-56; 230, 233
(taking medications prescribed for a friend, brother, sister, son
and daughter). Dr. Martin pointed out Edwards has never undergone
any significant mental health treatment. In 2008 Edwards told a

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 11 -

treatment provider prozac was working well for her. The ALJ notes
Dr. Martin testified cannabis abuse/dependency was material and
appeared to influence Edwards's disability allegations as cannabis
use depletes motivation (Tr. 23). It is difficult to find a drug-
free period in this record (Tr. 61). The ALJ considered this
evidence when he weighed Dr. Mabee's opinion that psychological
impairments prevent Edwards from working (Tr. 22-23, referring to
Tr. 244).

The ALJ's reasons for rejecting Dr. Mabee's contradicted
opinion are specific, legitimate and supported by substantial
evidence. Edwards fails to meet her burden of showing harmful
error.

*Marian Martin, Ph.D.*

Edwards alleges the ALJ erred by omitting Dr. Martin's
assessed moderate limitation in the ability to maintain attention
and concentration for extended periods. ECF Nos. 16 at 15-16; 22
at 1-22; Tr. 63. The Commissioner responds that the ALJ included
this limitation when he limited Edwards to "routine repetitive"
work. ECF No. 21 at 7; Tr. 21.

The Commissioner is correct. The ALJ translated Edwards's
limitations into a concrete restriction (Tr. 21). *See Stubbs-
Danielson*, 539 F.3d 1169, 1174 (9th Cir. 2009).

**C. Physical impairments**

*Steven Gerber, M.D., and Diane Beernink, ARNP*

Plaintiff alleges the ALJ gave no reasons why he "basically
rejected" the treating nurse practitioner's opinion Edwards is
limited to sedentary work. ECF No. 16 at 17-18, Tr. 301. The
Commissioner responds that the ALJ was not required to give more

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 12 -

credit to the opinion of Ms. Beernink, a non-acceptable medical source under the regulations, than to an acceptable source, Dr. Gerber, the doctor who testified at the hearing. ECF No. 21 at 13-14. Even if the ALJ erred, the Commissioner asserts it is harmless because Ms. Beernink's opinion is contradicted by "more reliable medical evidence that the ALJ credited." ECF No. 21 at 14, citing *Molina v. Astrue*, 674 F.3d 1104, 1118-119 (9th Cir. 2012).

The Commissioner is correct. Dr. Gerber reviewed the entire record. He agreed with examining doctor Andrew Weir, M.D., and assessed an RFC for light work (Tr. 39-44, 236, 252). Ms. Beernink opined Edwards was limited to sedentary work (Tr. 301). In the same record, Ms. Beernink notes Edwards cannot do physical therapy for "unknown reasons." *Id.*

The ALJ was not required to discuss the contradicted opinion of a non-acceptable source whose opinion was contradicted by an acceptable examining source. Error if any is clearly harmless since the ALJ relied on more reliable medical evidence, the opinion of Dr. Gerber.

Moreover, crediting Beernink's opinion does not result in finding Edwards disabled. After a claimant has established a prima facie case of disability by demonstrating she cannot return to her former employment, the burden shifts to the ALJ to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986). The ALJ can satisfy this burden by either (1) applying the grids or (2) taking the testimony of a vocational expert. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 13 -

The grids are an administrative tool the Commissioner may rely on when considering claimants with substantially uniform levels of impairment. *Burkhart,* 856 F.2d at 1340 (citing *Derosiers v. Secretary of Health and Human Serv.*, 846 F.2d 573, 578 (9th Cir. 1988). However, the use of the grids is not always proper. If a claimant has non-exertional limitations[4] that significantly limit her range of work, such as Edwards's mental limitations, the use of the grids in determining disability is inappropriate. *Bates v. Sullivan*, 894 F.2d 1059 (9th Cir. 1990) *overruled on other grounds Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991). In such instances, as here, a vocational expert must be called to identify jobs that match the abilities of the claimant, given her limitations. *See e.g., Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

The ALJ appropriately relied on the VE's testimony.

As noted the ALJ's credibility determination is unchallenged, making it a verity on appeal.

Because the ALJ accepted and incorporated limitations established by the evidence, plaintiff fails to show harmful error.

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence and, if the evidence can support either

---

[4]Nonexertional limitations are "all work-related limitations and restrictions that do not depend on an individual's physical strength." Soc. Sec. Rul. 96-8. *See also* 20 C.F.R. Pt. 416.969a; *Derosiers*, 846 F.2d at 579.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 14 -

1  outcome, the court may not substitute its judgment for that of the

2  ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Burch*

3  *v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

4                              **CONCLUSION**

5       Having reviewed the record and the ALJ's conclusions, this

6  Court finds the ALJ's decision is free of harmful legal error and

7  supported by substantial evidence.

8       **IT IS ORDERED:**

9       1. Defendant's Motion for Summary Judgment, **ECF No. 20,** is

10  **GRANTED.**

11      2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is

12  **DENIED.**

13      The District Court Executive is directed to file this Order,

14  provide copies to the parties, enter judgment in favor of

15  Defendant, and **CLOSE** the file.

16      DATED this 23rd day of October, 2012.

17

18                          s/ James P. Hutton

19                    JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28